OPINION
{¶ 1} Henry D. Clifford appeals from his conviction and sentence in the Clark County Court of Common Pleas on one count of gross sexual imposition and three counts of sexual battery.
 {¶ 2} Clifford advances three assignments of error on appeal. First, he contends the trial court erred in designating him a sexual predator. Second, he argues that the trial court failed to state adequate reasons for imposing three-year prison terms for each of his four counts of conviction. Third, he asserts that the trial court erred in ordering his three-year sentences to be served consecutively.
 {¶ 3} The present appeal stems from Clifford's sexual abuse of his biological daughter. At a May 22, 2002, plea hearing, the State provided the factual basis for each of his offenses. With regard to the gross sexual imposition charge, the State asserted that Clifford had rubbed his daughter's thigh and vaginal area in 1999 when she was 12 years old. Concerning the sexual battery charges, the State asserted that in 1999, 2000, and 2001, he had penetrated his daughter's vagina with his finger. Based on these facts, Clifford entered guilty pleas to one count of gross sexual imposition and three counts of sexual battery in exchange for the dismissal of two other gross sexual imposition charges.
 {¶ 4} The trial court then obtained a pre-sentence report and conducted a sentencing and sexual predator hearing on June 5, 2002. At the hearing, Clifford's 22-year-old former sister-in-law testified that he once abused her by touching her underneath the lower part of her bathing suit when she was approximately 12 years old. A police officer also testified and recounted Clifford's admission that he had sexually abused his daughter and inappropriately had touched his former sister-in-law. After hearing arguments from counsel, the trial court sentenced Clifford to consecutive three-year terms for each of the four counts to which he entered guilty pleas. The trial court also designated him a sexual predator. Clifford then filed a timely appeal, advancing the assignments of error set forth above.
 {¶ 5} In his first assignment of error, he contends the trial court erred in designating him a sexual predator. In order to classify an individual as a sexual predator, a trial court must find, by clear and convincing evidence, that the individual has been convicted of or pled guilty to a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger,91 Ohio St.3d 158, 163, 2001-Ohio-247. A clear and convincing standard of proof "will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Id. at 164. This standard requires more than a preponderance of the evidence, but less than the level of certainty required for proof beyond a reasonable doubt. Id.
 {¶ 6} Clifford does not dispute that he has been convicted of sexually oriented offenses. The only question is whether he is likely to engage in another sexually oriented offense. In determining the likelihood of recidivism, R.C. § 2950.09(B)(2) obligates a trial court to consider the factors set forth in paragraphs (a) through (j) therein.[1] Those factors are only potentially relevant. State v.Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id. at 589. Because the "guidelines do not control a judge's discretion," a factor irrelevant to a particular offender is entitled to no weight. A trial court also may consider any other evidence that it deems relevant. Id. at 587.
 {¶ 7} At Clifford's sexual predator hearing, the trial court considered the evidence, heard argument from counsel regarding the applicable factors, and then made the following findings:
 {¶ 8} "In reviewing the factors set forth in Revised Code under [section] 2950, in regard to sexual predator classification, the Court finds the following facts: The Defendant's 37 years of age. The victim during the course of these events was between the ages of 12 and 14. There was a pattern of abuse here. It was a continuing activity. And it appears that it wasn't isolated to a brief moment in time; but there is something about the Defendant which attracts him to young children, since I do now have this evidence of a prior incident with another 12 year old.
 {¶ 9} "[Defense counsel] Mr. Rickets, you're correct, there are several factors under this statute which are not present, very minimal criminal history. In fact, no criminal history as an adult. A theft offense as a juvenile was admonished-handled by an admonishment. Further, no delinquency convictions either.
 {¶ 10} "As to the sent — as to the crimes for which the Defendant is being sentenced today, multiple counts of one victim. Nothing presented to the Court regarding the use of drugs or alcohol to impair the victim, no previous convictions as indicated earlier in my statement. No indication of previous sexual programs, no indication of any mental illness or disability on the part of the Defendant, no indiction of cruelty or threats of cruelty. So some factors are present, some factors are not; but I don't find any place in the statute where it is a majority rules situation. Combination of any of these factors may indicate a future threat, which would require the necessary warnings.
 {¶ 11} "I agree with you, Mr. Ricketts. The Prosecutor overstated his fears that if he is not found to be a sexual predator, there would be no warning because he is required to register [as] a sexually-oriented offender. The question would be is that enough? Would it last long enough?
 {¶ 12} "It is the opinion of the Court that the factors that have been presented[,] which the Court has found by clear and convincing evidence are present in this case[,] are sufficient to find the Defendant to be a sexual predator." See Disposition Transcript at 19-20.
 {¶ 13} On appeal, Clifford asserts that the trial court had insufficient evidence to designate him a sexual predator. In support, he contends that the trial court based its determination on three things: (1) the fact that his abuse appeared to be a continuing pattern; (2) the age of the victim; and (3) his apparent attraction to young children. Given that he pled guilty to charges involving the sexual abuse of his daughter on four occasions when she was between 12 and 14 years of age, Clifford argues that the foregoing factors cited by the trial court are inherent in his offenses. He insists that under the trial court's rationale, "a person who is convicted of more than one sexual offense against his minor child will always and necessarily be deemed a sexual predator." As a result, he contends that the trial court's sexual predator determination cannot stand.
 {¶ 14} Upon review, we find Clifford's argument to be unpersuasive. As an initial matter, we note that his daughter's age was not inherent in the three sexual battery offenses. Those crimes were dependent on the existence of a parent-child relationship without regard to the age of the victim. Furthermore, we cannot agree with Clifford's assessment of the trial court's rationale. The trial court appears to have been troubled by the fact that Clifford years ago fondled his 12-year-old sister-in-law and then sexually abused his own daughter multiple times over a three-year period when she was between the ages of 12 and 14. The trial court found that this conduct demonstrated a pattern of abuse and an unusual attraction to young children. Contrary to Clifford's argument on appeal, these findings would not apply every time a parent abused his child more than once.[2] As the trial court made clear, its primary concern was the long-term nature of Clifford's abusive behavior and the existence of two young victims. The record fully supports the trial court's determination that Clifford has an attraction for young children, has sexually abused two girls of tender age, and has engaged in a long-term course of sexually abusive conduct. Therefore, we conclude that his sexual predator designation is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Accordingly, we overrule his first assignment of error.
 {¶ 15} In his second assignment of error, Clifford contends the trial court erred in imposing a three-year prison term on each of his four counts of conviction.[3] More specifically, he argues that the trial court erred in finding his conduct to be more serious than the conduct normally constituting the offenses of gross sexual imposition and sexual battery. In support, Clifford asserts that the trial court based its "seriousness" finding on three things: (1) the fact that the victim's young age exacerbated the injury; (2) the fact that the victim suffered serious emotional harm; and (3) the fact that the relationship between Clifford and his daughter facilitated the offense. Clifford insists that the foregoing facts are inherent in the offenses to which he pled guilty. As a result, he contends the trial court erred in citing those facts to find that his conduct was more serious than conduct normally constituting the offenses.
 {¶ 16} Upon review, we find Clifford's argument to be unpersuasive. Section 2929.12, divisions (B) through (E), provides a list of factors that a court must consider when exercising its sentencing discretion. Those factors relate to the relative seriousness of the offender's conduct and the likelihood of recidivism. The Ohio Supreme Court has recognized, however, that a trial court need not make any specific findings with regard to those factors. State v. Arnett,88 Ohio St.3d 208, 2000-Ohio-302. A sentencing court may satisfy its obligation under the statute with nothing more than a rote recitation that it has considered the "seriousness" and "recidivism" factors. Id. In order to impose more than the statutory minimum term of imprisonment on a first-time offender, the only explicit finding that a trial court must make is "`that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.'" State v. Edmonson,86 Ohio St.3d 324, 326, 1999-Ohio-110, quoting R.C. 2929.14(B).
 {¶ 17} In the present case, the trial court made the required finding that "a minimum sentence would demean the seriousness of the offense[s] and would not adequately protect the public." See Disposition Transcript at 30. In light of this finding, which need not be accompanied by a statement of reasons in support, the trial court was authorized to impose the three-year sentences for Clifford's crimes. Edmonson,86 Ohio St.3d at 326. Nevertheless, given that the trial court did set forth its reasoning with regard to the "seriousness" and "recidivism" factors of R.C. § 2929.12, we briefly will review that reasoning and Clifford's argument on appeal.
 {¶ 18} With regard to the "seriousness" factors, the trial court found that the victim's age exacerbated the injury, that the victim suffered serious emotional harm, and that the relationship between Clifford and the victim facilitated the offenses. Under the circumstances of the present case, however, we agree with Clifford's argument that the victim's age was indeed inherent in his gross sexual imposition conviction. He pled guilty to gross sexual imposition in violation of R.C. 2907.05(A)(4), which prohibits sexual contact with a child who is less than 13 years of age. In the present case, his daughter was 12 years old when Clifford had sexual contact with her. If she had been any older, Clifford's conduct would not have violated § 2907.05(A)(4). As a result, we disagree with the trial court's suggestion that the victim's age made Clifford's conduct more serious than conduct normally constituting gross sexual imposition. With regard to the three sexual battery convictions, however, the victim's age was not inherent in the offenses. As noted above, those crimes were dependent on the existence of a parent-child relationship without regard to the age of the victim. Consequently, the trial court reasonably could have considered the victim's tender age with regard to those offenses.
 {¶ 19} Additionally, with regard to the gross sexual imposition conviction and the sexual battery convictions, the trial court was free to find that the victim suffered serious emotional harm. Although Clifford contends that the emotional harm suffered by the victim in this case was no worse than the emotional harm suffered in most cases of gross sexual imposition and sexual battery, the trial court did not abuse its discretion in finding otherwise.[4]
 {¶ 20} With regard to the trial court's finding that the relationship between Clifford and the victim facilitated the offenses, we agree with his argument that such a relationship was inherent in the sexual battery convictions. Indeed, those convictions were based on the fact that he engaged in sexual conduct with his biological daughter. As a result, the nature of the relationship between Clifford and his daughter did not make his sexual battery crimes more serious than conduct normally constituting the offense of sexual battery. With regard to his gross sexual imposition conviction, however, the trial court was free to find that the relationship between Clifford and his daughter facilitated that offense. This is so because a biological relationship between the offender and the victim is not inherent in the gross sexual imposition offense to which he plead guilty.
 {¶ 21} In light of the foregoing analysis, and contrary to Clifford's argument on appeal, two of the three "seriousness" factors cited by the trial court are applicable to each of his convictions. With regard to the gross sexual imposition conviction, the trial court reasonably found that the victim suffered serious emotional harm, and that the relationship between Clifford and the victim facilitated the offense. With regard to the sexual battery convictions, the trial court reasonably found that the victim suffered serious emotional harm, and that the victim's tender age exacerbated the injury. We note too that the trial court expressly addressed the recidivism factors found in R.C. § 2929.12 and found recidivism likely in light of Clifford's multiple offenses committed over a long period of time. The trial court's recidivism findings, which Clifford has not contested on appeal, are applicable to each of his convictions. Therefore, viewing the record as a whole, we cannot say that the trial court abused its discretion in finding the conduct constituting Clifford's offenses more serious than conduct normally constituting those offenses and in finding recidivism likely. Accordingly, we overrule his second assignment of error.
 {¶ 22} In his third assignment of error, Clifford contends the trial court failed to state adequate reasons for imposing consecutive sentences. His argument with regard to this assignment of error is two-fold. First, he argues that the trial court failed to make all of the findings required by R.C. 2929.14(E)(4) for the imposition of consecutive sentences. Second, he challenges the validity of one finding that the trial court did make. For its part, the State concedes that the trial court failed to make all of the necessary findings under R.C.2929.14(E)(4), and it fails to address Clifford's second argument.
 {¶ 23} Upon, review, we agree with the parties that the trial court failed to make all of the findings required for the imposition of consecutive sentences. Section 2929.14(E)(4) of the Revised Code sets forth the analysis that a trial court must undergo before imposing consecutive sentences. Among other things, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. A trial court must conduct the full analysis required by R.C. § 2929.14(E)(4), and it must provide reasons to support its findings on the record. See R.C. 2929.19(B)(2)(c). A trial court's judgment will be reversed if it fails to do so. State v.Johnson (May 11, 2001), Montgomery App. No. 18383; State v. Rothgeb, Champaign App. No. 02CA7, 2003-Ohio-465.
 {¶ 24} In the present case, the trial court failed to find that consecutive sentences are not disproportionate to the seriousness of Clifford's conduct and to the danger he poses to the public. Accordingly, his sentences must be vacated and this cause must be remanded for the trial court to make the necessary findings. Id.
 {¶ 25} With regard to Clifford's second argument, we reject his challenge to the validity of one finding that the trial court did make. Specifically, he challenges a finding under R.C. § 2929.14(E) that the harm caused by his multiple offenses was so great that no single prison term adequately reflects the seriousness of his conduct. According to Clifford, the harm to his daughter cannot be any "greater" or more "unusual" than the harm in a typical case involving sexual activity between a father and his minor daughter.
 {¶ 26} We note, however, that the trial court did not find the harm suffered by his daughter to have been "unusual." Rather, the trial court found only that the harm to the victim was so "great" that no single prison term would adequately reflect the seriousness of Clifford's conduct. Upon review, we reject his argument that the harm in this case cannot be any "greater" than the harm in a typical case involving sexual activity between a father and his minor daughter. Given the multiple instances of sexual abuse committed by Clifford over three years, the trial court reasonably found that the harm caused by his multiple offenses was so great that no single prison term would adequately reflect the seriousness of his conduct.
 {¶ 27} Based on the reasoning and citation of authority set forth above, we sustain Clifford's third assignment of error, in part, and vacate his sentences. This cause is hereby remanded for the trial court to make all of the requisite findings required by R.C. 2929.14(E).
 {¶ 28} Judgment affirmed in part, reversed in part, sentences vacated and cause remanded for resentencing.
WOLFF, J., and YOUNG, J., concur.
[1] The non-exclusive list of factors found in R.C. 2950.09(B)(2) includes: (a) the offender's age; (b) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct.
[2] For example, the trial court's rationale would not apply if a parent were convicted of two sexually oriented offenses involving acts that occurred on the same day.
[3] As the offenses were all third-degree felonies, the applicable sentencing range for each offense was one to five years in prison. R.C.2929.14(A)(3).
[4] Clifford also suggests that the trial court's reasoning is inconsistent, insofar as it found no evidence of "psychological harm" but still found that the victim had suffered "serious emotional harm." Upon review, we find nothing inconsistent in the trial court's reasoning. The trial court appears to have equated "psychological harm" with a more formal or clinical diagnosis, which did not exist, whereas the court found "serious emotional harm" based on evidence that the victim experienced continuing nightmares and had developed a problem trusting men.